TURNER (WILSON v.). See Case No. 17,-845.

TURNER v. WRIGHT. See Case No. 16,778.

TURPIN (SAWYER v.). See Cases Nos. 12,-409 and 12,410.

TURRALL, The THOMAS. See Case No. 13,-932.

---

## Case No. 14,266.

### TURRELL v. CAMMERRER.

[3 Fish. Pat Cas. 462.] [1]

Circuit Court, D. Ohio. Nov., 1868.

PLEADING IN EQUITY—INFRINGEMENT OF PATENT.

It is not necessary to specify particulars of infringement in a bill in equity. A general averment that the defendant has infringed the letters patent is sufficient to put him upon his answer.

[Cited in Thatcher Heating Co. v. Carbon Stove Co., Case No. 13,864; American Bell Tel. Co. v. Southern Tel. Co., 34 Fed. 805.]

In equity.

This was a special demurrer to bill in equity, charging the defendant [David Cammerrer] with the infringement of three letters patent relating to beer coolers. The charge of the bill recited the grant of the patents and the title, and made profert of the patents, but contained no description of the several inventions. The charge of infringement was made as follows: "Yet the said defendant, well knowing the premises and the rights secured to your orator [George B. Turrell], as aforesaid, but contriving to injure your orator and deprive him of the benefits and advantages which might, and otherwise would, accrue unto him from said inventions, after the issuing of the said letters patent, and before and after the assignment thereof to your orator, and before the commencement of this suit, as your orator is informed and believes, made, constructed, used, and vended to others to be used. beer coolers containing said inventions and improvements, in the said Southern district of Ohio, and in other parts of the United States, and sold the same by agents and otherwise. And your orator further shows unto your honors, that such making and using and selling have been and are without the license or consent and against the will of your orator, and in violation of his rights, and in infringement of the aforesaid letters patent; and that said unlawful acts and infringements have been committed by said defendants with a full knowledge of the rights of your orator, and in defiance thereof." The defendant demurred specially as follows: "The said David Cammerrer, by protestation, not confessing or acknowledging all or any of the matters or things in the said bill set forth to be true, in manner and form as the same are therein alleged, says he is advised that there is no matter or thing in the said bill contained sufficient in law to call this defendant to answer in this court; and therefore this defendant demurs to the said bill, and for cause of demurrer says that the said bill in no manner specifies wherein the alleged infringement consists, and that the said bill does not set forth the particular or particulars of the alleged infringement with the due precision and certainty to enable the court to judge of the alleged infringement, and that the said bill contains not any matter or thing entitling the complainant to any relief against this defendant. Wherefore, for divers other errors and imperfections in the said bill appearing, this defendant demurs thereto, and humbly prays judgment of this honorable court whether he shall be compelled to put in any farther answer to the said bill, and that he may be here dismissed with his reasonable costs in this behalf most wrongfully sustained."

S. S. Fisher, for complainant.
R. B. Warden, for defendant.

LEAVITT, District Judge. The question before the court arises upon a demurrer to a bill filed by the complainant for the infringement of letters patent [No. 32,845]. It is objected that the bill does not state facts enough to enable the court to base a decree upon it, and it is insisted that, before the defendant can be called upon to answer, the complainant shall be required to set forth the precise infringement complained of by some adequate description of the patented invention, and of the infringing machine or process. This he has never been required by the practice of this court to do. The general allegation of the bill that the defendant has infringed the letters patent has been sufficient to put him upon his answer. It would obviously be a very inconvenient practice to require the complainant to set out at length in his bill the details of his invention and of the defendant's manufacture. The bill would be very voluminous, and not necessarily more clear or explicit. The defendant is, by the general averment, put in possession of the allegation that he has infringed the complainant's patent. This he may deny by answer. The burden of proof is then upon the complainant to prove infringement, and to show wherein it con-

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

sists. If he fails to do this he is not entitled to relief.

The demurrer concedes the facts. and the only question is. whether there are facts enough averred to require an answer from the defendant. The practice is so well settled, both here and elsewhere, that I should feel a great reluctance to disturb it, at this late day, in any event; but I am clearly of opinion that the general charge of infringement is all that is necessary to require the defendant to answer the bill, and that particulars of infringement need not be specified. Demurrer overruled.